Andrews v. Ragel.

## George W. Andrews v. Elizabeth Ragel, et al.

1. DECREE—*when not stricken from the files.*  A decree will not be stricken from the files merely upon the affidavit of a party that he believed such decree had never been approved by the court.

2. ERROR—*who cannot urge.*  A party cannot urge error with respect to a matter in which he has no interest.

Bill to set aside deed. Appeal from the Circuit Court of Fayette County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed March 17, 1905.

ALBERT & ROE, for appellant.

B. W. HENRY, F. M. GUINN and HOUSTON & REMANN, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellees to set aside a deed made by them to appellant, on account of fraud alleged to have been exercised by appellant, in procuring the same to be executed.

The bill alleges that Nathan F. Ragel died in Fayette county in 1893, intestate, leaving surviving him his widow, Elizabeth Ragel, and his children, then all minors, David, Nellie, Effie, Della and Nathan F.; that at the time of his death he owned forty-seven acres of land in said county and lived upon said premises with his family; that after his death his said widow got into debt and suffered said premises to be sold for taxes in March, 1895; that she was ignorant of business methods and not capable of having correct judgment and understanding of papers pertaining to land titles or the legal effect of the same; that appellant with the aid of others whom he had procured to assist him caused said Elizabeth and her children, except David, to meet him at the home of one Mrs. Poland, a relative of Elizabeth, on March 22, 1895; that Andrews there told them he had been to Vandalia and had found that their land had gotten into court and there was great danger it would be taken away from them; that there was $800 against it, which if not paid at once would cause them to lose their home; that he was a friend of the family and had money which he could use to help them out; that if they would turn the land over to him he would let said Elizabeth have $500, would take the lands out of court and

pay off the claims against the same and they could pay him and get their home back; that said Elizabeth announced her intention of going to Vandalia the next day to see about it; that Andrews and Mrs. Poland joined in warning her against going to Vandalia and in urging her to let Andrews help her, stating they would soon get their home back; that Andrews took some papers out of his pocket which he had already prepared, telling them it was his security for redeeming the land and getting it out of court and for the cash he was to let them have besides, and that they, appellees, being ignorant of the legal effect of the papers, and believing him to be their friend, executed the same; that afterwards appellant caused said Elizabeth to procure a conveyance of his interest from her son David, who had not joined in the other instrument, and that she then signed another paper conveying that interest to appellant; that appellant paid said Elizabeth various amounts during the·period of three years amounting to about $450; that appellant took possession of the land immediately after March 22, 1895, except about one acre where the dwelling house· stood, and that he has received all the rents and profits of the same since that date; that complainants did not know the contents of the papers signed by them until September, 1902, when they first discovered that one of said papers was a warranty deed to the premises and the other an agreement that Andrews was to reconvey to said Elizabeth one acre of the land which would include the house; that the lands had been sold for taxes in 1883 and purchased by Fred Emmel and O. J. Bailey, who had obtained tax deeds thereon and had paid taxes continuously from the time of the purchase up to and including the year 1894; that up to March 22, 1895, neither of the holders of said tax deeds had ever had possession of said lands or any part thereof, or made any attempt to get possession; that said lands were not in court as stated by Andrews at the time referred to and there were no suits threatened or pending against said lands in any court in Fayette county; that by means of said

deeds, said Andrews obtained paper title to said premises, while in truth and in equity his seeming title was but a mortgage or security for the $500 he was to advance said Elizabeth, and for the money he would have to pay to redeem said lands from said tax sale; that appellant has never paid Emmel or Bailey any money, has never redeemed said lands from said tax sales or in any manner removed the cloud that said tax sale created; that appellant has never made or tendered to Elizabeth Ragel a deed to the one acre of land above mentioned; that the rents and profits received by appellant far exceed the money he has paid out, and there is a balance due appellees; that appellees Nathan F. Ragel and Effie Brownfield were minors when they signed said deed and elected to repudiate their deed as such, but now being of age are willing that their interest in the rents and profits may go to repay Andrews what may be due him; that Andrews, upon demand made by appellees, refuses to reconvey said lands to them, but claims that he is the absolute owner thereof.

The prayer of the bill was that the deed of appellees made on March 22, 1895, and the deed made by Elizabeth Ragel on the 6th day of May, 1895, to Andrews, be declared to be mortgages only; that an account be taken charging Andrews with rents and profits as mortgagee and giving him credit for such payments as he ought to have, and that a judgment be rendered for the party shown to be entitled to the same and if it be in favor of Andrews, that he have a lien on the lands for the payment thereof, and that said deeds as absolute deeds be set aside as clouds upon the title of appellees.

Appellant Andrews filed an answer, denying all the material allegations in the bill, and stating the fact to be that he was a *bona fide* purchaser of said premises, and that he paid and agreed to pay all said lands were reasonably worth at the time; that since he took possession of said premises he has expended large sums of money in fertilizing and making improvements upon the same.

The decree which purports to have been filed March 5,

1904, found in favor of complainants and ordered the deeds. mentioned in the bill to be set aside as absolute convey-- ances of the premises and declared to be securities for moneys paid or advanced by Andrews to Elizabeth Ragel. after March 22, 1895, and for all taxes paid by him upon. said premises, that may appear to be due after an account is taken; that an accounting be taken by the master in chancery, between the parties and the cause referred to the master for that purpose.

Afterwards on May 27, 1904, appellant gave notice to ap- pellees that on the following day he would appear in the. Circuit Court of Fayette county, and move the court to redocket said cause and to strike said decree from the files and records of the court, for the reason that the same had not been approved by the court, and would also move to have the file marks on said decree corrected, so as to show the true day of filing. On the day named, which was one of the days of the May term, said motion was pre-- sented, supported by an affidavit which stated that on the 5th day of March, 1904, during the February term of said court, Judge S. L. Dwight, who tried said cause at said term, announced in open court his finding and his decree in said cause, and stated that he granted the com- plainants the relief prayed for in their bill of complaint; that he would adjourn court until the 12th day of March. and directed attorneys for complainants to prepare a decree, submit the same to the inspection of attorneys on the other side, and send the same to him for approval; that no order was made in the case for the decree to be approved and filed in vacation; that court then adjourned on March 5, to March 12, 1904; that on the latter date the court again convened with Judge W. M. Farmer on the bench; that a decree was taken from the papers in the case by the at- torney for complainants and presented to the presiding judge, but on objection from defendant's counsel, said judge declined to approve the decree; that the decree bore the file mark of March 5, 1904, but that attorney for com- plainants and the clerk of the court, stated in open court,

that the decree was presented on March 12, and that the clerk at said attorney's request, placed the file mark thereon as of March 5; that no judge of said court had endorsed any approval of said decree thereon, or made any entry on the record of said court of the approval of the same, and that the affiant believed said decree had never been approved by said court; that said court then adjourned without taking action on the matter, except to note on the minutes of the judge that said decree had been filed without leave of the presiding judge.

The first reason presented and argued by appellant for a reversal, is that the court erred in not striking the decree from the files. Waiving the question whether, in a case where a decree has not been impeached for fraud or mistake and where there is no claim that it does not embody the announced judgment of the court, the court can (another judge presiding) at a subsequent term upon a mere motion supported by affidavit, redocket the case and strike the decree from the files, there are other reasons why there should be no reversal in this cause upon the ground stated. The affidavit stated that the affiant *believed* said decree had never been approved by said court. It certainly does not constitute a sufficient reason for striking so solemn an instrument as a purported decree of a court from the files that an affiant should state that he believed it had never been approved by the court. The abstract states that the court overruled the motion but this does not appear in the record and the certificate of evidence signed by Judge Farmer shows, as is proper, only the motion, affidavit and notice produced before him. For aught that appears in the record the motion is still pending and undisposed of. Bailey and Emmel, the parties who had purchased the land at tax sale, filed an intervening petition asking in case the court should find their tax deeds informal and invalid, that Andrews be decreed to pay them what amount the court might determine they were entitled to on account of said tax sales in accordance with his contract with the Ragels, or that the Ragels, in pursuance of a contract made

Andrews v. Ragel.

by Elizabeth Ragel with the petitioners, pay to them the moneys paid out for taxes and interest thereon. This petition was, on motion of appellees, striken from the files by the court, and appellant insists the court erred in so doing.

The bill of complaint in the case did not ask that the tax deeds be held informal or invalid and there could be no decree of the court upon that question. Even if the court could have so held, the petitioners are not objecting to the fact that the petition was striken from the files, and appellant has no interest which entitles him to do so.

The only other reason urged by appellant for reversing the decree, is that it was not sustained by the evidence. Elizabeth Ragel and her four children, who are complainants in the bill, swore to the facts as substantially set forth in the bill, and they were corroborated in various ways by other witnesses. On the other hand, appellant Andrews denied that he made the contract claimed by appellees, asserted that he purchased the land outright and in good faith, except the one acre he was to reconvey to Mrs. Ragel, and his testimony was in many respects corroborated by other witnesses. While appellant swore that at the time he bought the land he thought it was worth $25 an acre, there is a stipulation on file signed by solicitors for the respective parties, in which it is agreed, that at the time of the alleged purchase, March 22, 1895, the land was worth $33 an acre, and that at the time of the trial it was worth $45 an acre. It was further shown that at the time of the trial, which took place almost nine years after the purchase is claimed to have been made and the deeds delivered, appellant had not yet paid off the claim represented by the tax deeds nor had he conveyed to Mrs. Ragel the one acre of land where the house stood, as provided for in the alleged contract. The evidence consisted mainly of the testimony of witnesses produced and examined in open court, and we have discovered in the record no reason for disturbing the finding of the chancellor who

presided at the trial, and who saw the witnesses upon the stand and heard them testify.

The decree of the court below will be affirmed.

*Affirmed.*